UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARLIN KEONE SOUZA,<br><br>                Plaintiff,<br>    v.<br><br>PIERCE COUNTY SUPERIOR COURT,<br><br>                Defendant. | Case No. C22-5545 BJR-TLF<br><br>REPORT AND RECOMMENDATION |

This matter comes before the Court on plaintiff's application to proceed *in forma pauperis* and proposed complaint. Dkt. 1, 5. Plaintiff is representing himself in this matter. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4); Dkt. 1. In light of the deficiencies in the complaint identified herein, it appears that plaintiff's complaint is subject to dismissal and amendment would not cure the identified defects. The Court should deny plaintiff's motion to proceed *in forma pauperis*.

BACKGROUND

Plaintiff brings this action alleging that Pierce County Superior Court is violating plaintiff's rights. Dkt. 1-1. The proposed complaint alleges that plaintiff is a pretrial detainee. Dkt. 1-1 at 4. Plaintiff alleges that Pierce County Superior Court violated plaintiff's 6th Amendment Rights by continuing plaintiff's trial date without plaintiff

REPORT AND RECOMMENDATION - 1

waiving their speedy trial rights. Dkt. 1-1 at 4-5. Plaintiff seeks as a remedy dismissal of plaintiff's criminal trial, the removal of a no contact order and monetary damages. Dkt. 1-1 at 5.

## DISCUSSION

The district court may deny leave to proceed *in forma pauperis* at the outset if the complaint on its face is frivolous or without merit. *See O'Loughlin v. Doe,* 920 F.2d 614, 616-617 (9th Cir. 1990); *Kittleson v. Washington*, 683 Fed. Appx. 639, 2017 WL 1046218 (9th Cir. 2017) (unpublished). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984).

A magistrate judge may issue an order *granting* IFP, but has no authority to issue a dispositive order *denying* in forma pauperis status, unless the parties have consented to having the magistrate judge decide their civil case. 28 U.S.C. § 636(c); *Tripati v. Rison,* 847 F.2d 548, 548-49 (9th Cir. 1988); *Woods v. Dahlberg,* 894 F.2d 187, 188 (6th Cir. 1990) (observing that denial of IFP status is the equivalent of an involuntary dismissal). The magistrate judge is authorized to issue an order granting IFP status; however if the proposed decision would be a denial of IFP status, then the magistrate judge would only be authorized to submit a report and recommendation. *Id.* A plaintiff is not entitled to submit an objection to the magistrate judge's report and recommendation that IFP status should be denied. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam) *as amended* (September 9, 1988). Denial of a motion to proceed IFP is an immediately appealable order. *Tripati v. Rison,* 847 F.2d at 548-549.

Pursuant to Federal Rule of Civil Procedure (FRCP) 8(a), a pleading that states a claim for relief must contain:

    (1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support.

    (2) A short and plain statement of the claim showing the pleader is entitled to relief; and

    (3) A demand for relief sought which may include relief in the alternative or different types of relief.

While the pleading standard under FRCP 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The pleading must contain more than "labels and conclusions" or "naked assertions[s]" devoid of "further factual enhancements." *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 623 (9th Cir. 1988). Yet this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the

Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith.* 974 F.2d 1050, 1055 (9th Cir. 1992). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

A. <u>Habeas Corpus Petition</u>

When a prisoner or detainee seeks to challenge the fact or duration of their physical imprisonment, and seeks immediate or speedier release, their sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also, Wilkinson v. Dotson*, 544 U.S. 74, 78, 81 (2005) (parole eligibility hearings were being challenged, and this was not "fact or duration of confinement" claim, but instead it was a an ex post facto and due process challenge to the hearings and therefore Section 1983 lawsuit was appropriate).

"A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (internal quotations and citations omitted).

Here, plaintiff seeks a speedy trial, release from confinement, and damages. If plaintiff wishes to pursue an action to invalidate the fact or duration of plaintiff's confinement, a different cause of action for habeas corpus, under 28 U.S.C. § 2241, would potentially be possible.

B.  Younger Doctrine

Federal courts must abstain from interfering in pending state criminal prosecutions absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45 (1971). This applies when "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 901-02 (9th Cir. 2019)).

The Ninth Circuit has recognized that even if all the *Younger* factors are satisfied, a federal court will not invoke *Younger* if the plaintiff can make a showing of bad faith, harassment, or some other extraordinary circumstances making abstention inappropriate. *Bean*, 986 F.3d at 1133; *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018) (acknowledging an irreparable harm exception to the Younger abstention doctrine when the danger of irreparable loss is great and immediate.); *see also, MacDonald v. Musick,* 425 F.2d 373, 377 (9th Cir. 1970) (Ninth Circuit reversed the

District Court and directed that a habeas corpus petition be granted under 28 U.S.C. § 2241 pre-trial, because petitioner's due process rights were violated by a deputy prosecutor's revival of a charge that was "[an] attempt. . .to hamper [petitioner] in asserting, by civil action, both state and federal civil rights".).

The Ninth Circuit has applied the irreparable harm exception to claims raised by pretrial detainees:

> (1) where a pretrial detainee presents "[a] colorable claim that a state prosecution [would] violate the Double Jeopardy Clause" *Dominguez v. Kernan*, 906 F.3d 1127, 1131 n. 5 (9th Cir. 2018)
>
> (2) where a petitioner raises a due process challenge to their pretrial detention in the context of a state civil sexually violent predator proceeding. *Page v. King*, 932 F.3d 898, 901-902 (9th Cir. 2019).
>
> (3) where a petitioner raises a due process claim based on the forcible injection of antipsychotic medications during trial. *Bean*, 986 F.3d at 1135-36

The courts have refused to apply this exception to speedy trial claims because this right can be vindicated by the reversal of the improper conviction, while unlawful pretrial detention cannot be vindicated post-trial. *Bean*, 986 F.3d at 1134.

This action satisfies the factors for the Court to abstain from considering plaintiff's claims under the *Younger* doctrine. The complaint indicates that plaintiff is a pretrial detainee currently facing criminal prosecution in a criminal trial. This pending state proceeding implicates an important state interest – enforcing and prosecuting state laws. Plaintiff has not made a showing that plaintiff will have an inadequate opportunity to correct the alleged violation. The Ninth Circuit has recognized that speedy trial claims can adequately be corrected post-trial on appeal. *Bean*, 986 F.3d at 1134. Further,

plaintiff's complaint specifically seeks for the Court to interfere in an ongoing state criminal proceeding and direct the state court to dismiss the criminal trial.

Accordingly, the Court must abstain from considering this action – unless plaintiff can make a showing that extraordinary circumstances exist such that the irreparable harm exception applies to this case. Plaintiff has not shown that any extraordinary circumstances exist such that the irreparable harm exception applies in this action. The only harm alleged by plaintiff is that the criminal trial is delayed. Yet, the Ninth Circuit has determined that speedy trial claims are insufficient alone to establish irreparable harm. *Bean*, 986 F.3d at 1134.

Based on the facts alleged in the complaint, it appears that plaintiff's claims are subject to dismissal under the doctrine set forth in *Younger v. Harris*.

C.     Leave to Amend

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the pro se litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Here, amendment would be futile because it appears that plaintiff is seeking to challenge the fact or duration of plaintiff's current confinement. This relief is not available to plaintiff under 42 U.S.C. § 1983 – a different cause of action for habeas corpus relief would potentially be possible.

Additionally, it appears that plaintiff's claims request that the Court interfere with, and grant relief based on, an ongoing state criminal trial. Plaintiff's claims and requested relief are barred under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 45 (1971). Accordingly, because the requested relief is not available to plaintiff, amendment of the complaint would not cure the defects identified herein.

## CONCLUSION

Due to the deficiencies described above, it appears that plaintiff's complaint is subject to dismissal. Because amendment would be futile, the Court should deny plaintiff's motion to proceed *in forma pauperis.* A plaintiff is not entitled to submit an objection to the magistrate judge's report and recommendation that IFP status should be denied. *Minetti,* 152 F.3d at 1114. Denial of a motion to proceed IFP is an immediately appealable order. *Tripati v. Rison,* 847 F.2d at 548-549.

The Court should direct plaintiff to pay the Court filing fee within 21 days of adoption of this order if plaintiff wishes to proceed with this action. If plaintiff fails to pay the Court filing fee, the Clerk of the Court should be directed to close the case. Plaintiff should be aware that if plaintiff pays the filing fee, and if the case is later dismissed by the Court (with or without prejudice) for failure to state a claim, or because it is frivolous or malicious, then the dismissal would be counted as a strike under the PLRA. *Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721, 1726-1727 (2020).

Dated this 4th day of November, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

- 8